45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jason STARR, Petitioner-Appellant,
v.
WYOMING DEPARTMENT OF CORRECTIONS STATE PENITENTIARY WARDEN,
also known as Duane Shillinger; Wyoming Attorney
General, Respondents-Appellees.
 No. 94-8024.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 
 ORDER AND JUDGMENT[1]
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered sub-mitted without oral argument.
 
 
 2
 Petitioner Jason Starr seeks to appeal a district court judgment dismissing without prejudice his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. 2254, for failure to exhaust his state court remedies on all claims presented. We grant leave to proceed on appeal without prepayment of costs and fees, and also the application for a certificate of probable cause, so that we may address the merits.
 
 
 3
 Petitioner was convicted in Wyoming state court of first degree murder and aggravated assault, and is currently serving terms of life and five to ten years in the state penitentiary. He did not appeal his sentences to the Wyoming Supreme Court.
 
 
 4
 Petitioner's first federal writ of habeas corpus was dismissed without prejudice in 1993 for failure to exhaust state court remedies. He then filed a petition for writ of certiorari in the Wyoming Supreme Court, which was denied in August 1993. Thereafter petitioner filed the instant writ for habeas corpus, which the federal district court denied as a mixed petition. The district court found that
 
 
 5
 [t]he petitioner failed to appeal his sentence to the Wyoming Supreme Court. The issues petitioner raises before this Court included an illegal or unconstitutional sentence, ineffective assistance of counsel, and denial of access to the courts. The first issue raised before this Court was raised in the Wyoming Supreme Court upon writ of certiorari, however, the second and third issues were not raised before the Wyoming Supreme Court. Issues two and three were raised by petitioner in a petition for post conviction relief in the Third Judicial District Court, State of Wyoming, and were dismissed without a hearing. Petitioner failed to appeal the Third District Court's dismissal.
 
 
 6
 I R. tab 4, 1/23.
 
 
 7
 Our review of the record, however, indicates that petitioner did raise each of the three issues he sought to assert in his federal habeas petition in his petition for writ of certiorari to the Supreme Court of Wyoming. See I R. tab 5, Petition for Writ of Certiorari for Restoration of Petitioner's Direct Appeal. In that petition, he sought "restoration of his constitutional right to direct appeal," id. at 1; asserted that he was denied effective assistance of counsel at trial and on appeal, id. at 2-3 9; and that he was denied access to the courts. Id. at 9-10. The Wyoming Supreme Court, in denying his petition, stated that "Starr has no remedy available to him which may be filed in either the district court or this Court, with the exception that this Court has discretion to grant extraordinary review in the form of a writ of certiorari, if circumstances warrant. This Court discerns no circumstances which warrant extraordinary review." I R. tab 1, Order Granting Motion to Proceed in Forma Pauperis and Order Denying Petition for Writ of Certiorari, 1/2 1/26, 7. Our reading of this order is that petitioner has no further state remedies he can pursue.
 
 
 8
 Thus, the district court erred in finding petitioner had not exhausted his state court remedies. The question now becomes whether, under Coleman v. Thompson, 111 S.Ct. 2546 (1991), habeas relief is unavailable to petitioner because the state court denied relief on an independent and adequate state ground. See Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir.1993). The district court failed to address the procedural default issue; on remand it should determine whether petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 111 S.Ct. at 2565.
 
 
 9
 REVERSED and REMANDED for further proceedings consistent with this order and judgment. Petitioner's Motion for Consideration and Decision is denied as moot.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470